■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES LOPEZ, Appellant. [18 NYS3d 614]—

Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered June 27, 2013, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of four years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. A review of the lineup photograph reveals that height differences were sufficiently minimized by having the participants seated, and that differences in age and facial hair were not so noticeable as to create a substantial likelihood that defendant would be singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). In any event, the trial court properly ruled that the eyewitness had an independent source to identify defendant based upon the significant amount of time (over four hours) she spent with him in a car and at a restaurant. Any error was harmless because identity was not at issue. Instead, the trial turned on the conflict between the inculpatory version of the incident given by the People's witnesses, and the exculpatory version given by defendant in his statement to the police and trial testimony.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Concur—Gonzalez, P.J., Friedman, Gische and Kapnick, JJ.